I guess you already know my lead-off question, and you've probably been thinking for 20 minutes about the answer. That wasn't the main argument which the government presented, but you have to give substantial deference to the BIA's interpretation in lead-off. However, O v. Gonzales has not been overturned by that decision, and I think the BIA was required to address that. I think the BIA did. They said, we read O, and we think it's wrong. Well, in Lyadov, they did. I think they had a footnote in Lyadov about O. In Lyadov, they had a footnote about it. But in this case, they simply cited Lyadov. They didn't mention this O. In this case, they followed Lyadov, but Lyadov discussed O and rejected it. And the question really is, can the BIA reject Ninth Circuit authority? And the answer, I would have thought, is that under Aguirre-Aguirre, yes, when they're interpreting their own statute. And then we have to defer to them, even though I don't like it much. But you don't have to defer where there's clear error. Why is there clear error? Well, in matter of O, they discussed how the practice manual of the BIA, you know, which is a defense. Well, practice manual, as Judge Kleinfeld made clear, practice manual is not really an issue here. None of us take that seriously as far as what the law is. What's the clear error here in terms of the regulations on which they're entitled to defer? It's not that they're required to follow the practice manual, but they basically have noted there that the attorney general has vast discretion. And the BIA is not a creature of statute. It's ruled by the HCFR. And under HCFR, the attorney general has vast discretion. I mean, under 1003.2, the board may at any time reopen or reconsider its own motion on any case in which it's rendered a decision. It's not like it is before the Court here for filing a petition for review under INA 242B, where the 30-day is statutory and I've never found a way around it. But the board of O, they noted that the attorney general has, in fact, seen that his discretion is in rare circumstances, in exceptional circumstances, can accept a late filing. Okay. And they didn't say that was wrong, did they? Didn't they say that in rare circumstances they can, and this is the way they're going to handle it procedurally? Right. So what's wrong with that? Well, I mean, that's fine. But if they're going to say that they have discretion, here this case was not denied as a matter of discretion. In fact, the board said that they found that the counsel did every reasonable effort to timely file the appeal for matters outside of her control. It arrived a day late. Let me see if I've got your argument, if I understand your argument. The argument is that they didn't make a discretionary denial. Since they have discretion to entertain late matters, the lateness is not jurisdictional the way it is for an appeal to the Ninth Circuit. Yes. They made a decision on the basis of law that they had no jurisdiction under Liadoff, but that's wrong because they do. Right. They erred in finding that they have no discretionary authority. So do I understand the argument correctly? Yes. Yes. And they didn't make a discretionary decision. And I think it should be remanded for them to make a discretionary decision. Are we supposed to disregard Liadoff? No. You can give it substantial deference, but I think you can find that there is an error in finding that under the attorney general does not have the discretion. He's basically claiming that he does not have powers which he is free to exercise. Except it may certify a case to itself, right? It may certify a case to itself. And it could, which would also necessarily indicate that it could extend the filing deadline by doing so. It's made a decision in this case under 103.2. In any case where it's made a prior decision, it can exercise that discretion. I sympathize with your case, but the way you're arguing it, it seems that Liadoff has no effect at all, right? I mean, we're looking at the language, but we're not going to take it. Well, you can look at the language of it, but you can recognize that it's, you know, it's ruled by regulations. You know, I know in the government has submitted a 28J motion in which they were citing the Supreme Court's decision, the Vols decision, where they talked about a defendant was told by a district court judge, you have 17 days to file an appeal. And he appealed within that time. And the statute says, oh, there's only 14 days. So the judge's error is your misfortune. And but we don't have any way of addressing this. And even Justice Thomas didn't suggest that this was a fair or just outcome. He said it was harsh. But, you know, we don't, but there, it's statutory. It's statutory. It's not regulatory. So that doesn't, it doesn't control. Counsel, I'm getting to, I want to make sure I understand where you are right now. I think what you're saying about Liadoff, you put it more gently, and it was a little hard to follow for that reason. I think the decision that you want us to write, if I understand you correctly, and I want to know if I do understand you correctly, is we've read Liadoff. We've read the statute. We've read the reg. Liadoff is mistaken in its interpretation. Yes. Since this is not a matter where there is ambiguity or where authority has been committed to the agency, Liadoff is not good law, and O remains the law. Yes. So we would not defer to Liadoff. It wouldn't be like we defer a little bit or we consider it deferentially. It's we read the statute. We read the reg. We read Liadoff. We say there's no room for Liadoff. It's wrong, and basically hold that Liadoff is not the law in the Ninth Circuit. Right. And yet because you're not compelled to follow where there is clear error. You know, that's very confusing, counsel, because O was grounded in the concept that there was ambiguous language in 1003.38B. Right? Right. So then you get back to an agency that gets to interpret its own regulations. So it comes with Liadoff. It doesn't say that you can't have rare and exceptional circumstances. It simply says that it can certify a case to itself where it presents rare and exceptional circumstances. Right. So under those circumstances, the fact that it did not so fine is discretionary, is it not? And if it's discretionary, we don't have jurisdiction. In this decision, it never brought up the issue of certifying to itself. It just said too late. But they didn't acknowledge that they had discretionary. They made a determination. Was it because there was no request for certification? No. It was actually mentioned in the brief that they're able to certify to the, you know, that they have that authority to do so. Okay. But it was never addressed by the board in its decision in this matter. Okay. Again, it seems to me your argument is somewhat circular, because the whole basis of O was this supposedly ambiguous situation. So by definition, we get back to, well, the agency is interpreting its own rules. I think under matter under O, it was matter more that the court saw that the attorney general had discretion, clearly had discretion to extend the filing deadline, and did not acknowledge that. I'd like to reserve my last 35 seconds. Okay. Thank you. Once again, for the record, Charles Kanner for the attorney general. First, to clarify, I think it could be a mistake by Mr. Nichol. The last sentence in the last full paragraph there in the board's decision reads, Well, the previous sentence says the board does not have the authority to extend the time. It doesn't say the board exercises its discretion not to extend the time. So it does appear to be a legal decision that they do not have the authority. That is a legal decision about jurisdiction, not an exercise of discretion. And then the second sentence is the declination to exercise its discretion and take the untimely deal on certification. Once they've said we don't have authority, I just took the next sentence as sort of softening the blow. No, Your Honor. I think that Leodoc is, there are two parts to Leodoc. First, under the regulations, the board has determined that it does not have authority to extend the deadline. That is, the 30 days is mandatory. You must get your notice of appeal to the board in 30 days. That's part one. Can't be extended. Part two. Under 103.1C, appeal by certification, the board will, in its discretion, may in its discretion take an untimely file notice of appeal by certification. There's a distinction there, and it's important. It's in this paragraph in O. They seem to be saying that we can't extend the time for filing appeals. That's jurisdictional. But we have discretion to certify a case to ourselves. That's using our power, sua sponte, to look at what the I.J. did. Even though a lawyer would be late, we're never late. Exactly. I think, am I reading O right? That's how I read that, where a case presents exceptional circumstances paragraph. I think O seems to be. I'm sorry. I said O, and I meant Liadoff. Yeah, I think, if I understand, I think that that's right. The board can always, under the appeal by certification regulation, can take an appeal whether it's untimely or not. That's purely discretionary. For the same reasons that this Court doesn't have jurisdiction to review a denial of sua sponte freedom, that is under the Ekmanian decision under Heckler, that's purely discretionary. There's no standard to apply. There's no jurisdiction to review that decision. And I think that that's the decision that's being made in that last sentence, that a short delay on its own is not something we're going to take, exercise our discretion to take by certification. That's what that last sentence, I think, is saying. So they've done what Liadoff did. That is first address the authority to extend the deadline, conclude they don't have it, and then address whether, under the circumstances of this case, they'll take it by certification, conclude they don't. The Court should review the first part, that is the authority to extend the deadline. And under our, there's nothing inconsistent with the regulations in determining that this 30 days is 30 days and you've got to get it in with 30 days. So, and frankly. Do you believe that Liadoff is reconcilable with O? No. No. It is not because O is rejecting a claim. If you look at page 613 of the decision, in support of the BIA's assertion that it lacked authority to accept O's late-filed appeal, the government relies on Dela Cruz, which states the time limit for filing an appeal to the BIA is mandatory and jurisdictional. And then the Court goes on and says, but that principle is not inflexible and it's invoking its unique circumstances, jurisprudence, for taking late-filed notices of appeal. And it's relying on the case Hernandez-Rivera versus INS. Well, I guess what I'm looking at, and this is O, says we remand to allow the BIA to exercise its discretion as to whether to accept O's late-arriving notice of appeal as a rare circumstance. Isn't the certification process referred to by the Board that very thing? Isn't it simply they're saying, okay, we're going to follow this, but the methodology we're going to use is the following. Well, effectively, Your Honor, the result is the same. What is different is who's making the determinations, because in O, the rare circumstances comes out of this Court's jurisprudence that says we can excuse late-filed notices of appeal under the unique circumstances doctrine. That sort of thing should apply just as easily to the Board. The Board didn't do that here. They should. After Leodov and after Bowles v. Russell, too, there is no such thing as unique circumstances as far as late-filed notices of appeal. So Hernandez-Rivera, which is relying on the two cases that were overruled in Bowles, I don't think that's no good. So that means O is no good, except to the extent that O is relying on the fact that it says in footnote 4 that the regulation says nothing about the Board's jurisdiction to consider late-filing. So working on an assumption that there's a silence here, there's an ambiguity, then it relies on the practice manual, which, frankly, I'm happy that Your Honors don't think that the practice manual is something that the Court needs to be following in deciding these things. So that after Leodov, if the Court decides the Board's correct, the Board's determination is consistent with the regulations. It's not going to extend the deadline. It doesn't have authority to do so. It's going to treat it as a mandatory rule. You must get it in by 30 days. Then the only way you're going to get a late-filed notice of appeal considered is if the Board and its unreviewable discretion decides to take the case up on appeal by certification. There's no review of that, though? Absolutely not, Your Honor. It's supposed to be discretionary, but there's no review of discretionary. Right, right, because there's no standard for the Court to measure it against for the same reasons that there's no discretion to determine whether the Board's going to reopen sua sponte. So there's no provisions in the regulations. The Court can't say, well, it's an abuse of discretion because the Board's supposed to consider this, it's supposed to consider that. And I think that's what the Eighth Circuit concluded when it considered Leodov. So, but I think that the way that the ---- Why shouldn't we say that Leodov is wrong because neither the statute nor the Gregg provides expressly or by clear implication that the time limit is jurisdictional? Because the ---- because what the regulations do not do is the regulations do not provide for any extension of time. And the ---- and so there's nothing inconsistent for the Board to say whether they say ---- I think that the Eighth Circuit, again, whether you call it jurisdictional or whether it's just simply mandatory, the result's the same. The Board is not going to extend the time. And so the Court should defer to the Board's interpretation of its own regulations. There's nothing inconsistent with the regulations to conclude that there's ---- it can't be extended. The regulations provide that a notice of appeal shall be filed in 30 days. The only provision for any sort of extension to the extent that it's an extension is in 1003.38 that says if the last ---- if the 30th day comes on a weekend or a holiday, then the time goes to the following ---- the next business day. So that's all. There's no other provision. My concern is that if you did put it either to Congress or to public notice and comment, then you get all the immigration lawyers saying, gee, the stakes here are really high, people getting deported, and they're supposed to have a certain number of days. And if you don't allow extensions where there's been a reasonable conduct to comply with that time limit, then there's really no 30 days or 20 days or anything. You just never know when the U.S. Post Office that guarantees next-day delivery with express mail or FedEx, which the agency encourages, are going to not do their duty. Well, Your Honor, then there are two things. One is immigration lawyers can ask the Attorney General to certify this or some similar decision to an overrule. Or Congress can take a look at it and by statute say ---- I'm asking something different. You're saying Congress can take a look at it. I'm saying Congress did take a look at it. And they said, here's the amount of time that the lawyer has to file the thing. And what the agency is doing is, in effect, cutting it down. Well, Congress has not ---- Congress, to the extent that there's any statutory provision for a time to appeal an immigration judge's decision, that's only for asylum. There's a statutory provision for appeal within 30 days for a denial of asylum. There's no ---- otherwise everything else is strictly by regulation. So Congress has not spoken on any of these others. And this case ---- If you put it up to public notice and comment with a reg as opposed to a practice manual where you just ---- the agency can write whatever it wants to its own staff, I would think that you'd have a lot of problem getting approval of a reg that said, you just never know what your time limit is unless you walk it in yourself. Well, first, I think you do know because you can get it in. In general, there are going to be ---- Do you have electronic filing, incidentally? I'm sorry? Do you have electronic filing? At the board? Yes. I don't believe they do, no. No, I'm pretty sure they don't. I think I have it. I don't have it. In my town, the lawyers have ---- we've traditionally been able to file Supreme Court briefs in Fairbanks, even though the headquarters is in Anchorage. Very, very important for reasons just like this. Our court, the circuit court, has provided for electronic filing. I wonder just how a lawyer can reliably file things if he doesn't live in a town that has a filing office of the BIA. Well, first, like I say, whether or not the ---- if the agency wanted to put this up for notice and propose a regulation, if the Attorney General wanted to certify it for himself, if Congress wanted to take up the issue, all of that could happen. But before this court, it's just a matter of whether it's inconsistent with the regulation. And it's not. Second, yes, would electronic filing be an improvement? Certainly. I think it is wherever it's put in place. But still, even if I'm not mistaken, even petitions for review, the filing of the petition for review, in most circuits, I believe ---- I can't state for certain in this circuit because I don't file petitions for review, but I believe that the petition itself, which does have a 30-day mandatory jurisdictional rule, is not filed electronically. And petitioners can tell me if I'm wrong. But deadlines are always ---- anytime someone misses a deadline, it's always going to appear harsh to that person. But a deadline is a deadline. And if it's going to have any meaning, it's going to have to cut off at some point. So I think that the regulations provide for 30 days. The Board has said there's 30 days to get it to us. On certain rare circumstances, we'll take a look at whether we'll take up the case by certification, whether it's rare circumstances relating to the merits of the appeal, rare circumstances relating to the issues presented, rare circumstances relating to the untimeliness of the filing. But that determination would not be subject to review. And in any event, the Board's construction of its own regulations, which are entitled to substantial reference, is not inconsistent, and the Court has to defer to it. Thank you very much. Thank you, counsel. I believe the Court should find that the ad hof is in error because there's neither statutory nor regulation saying that the 30 days is jurisdictional. I also note that O is certainly good law in the Ninth Circuit. I want to ask you about that, counsel. You're familiar with the Brandex case? Yes. Okay. I just want to quote a little piece here. This is from the Supreme Court. A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to Chevron deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion. Now, in this case, was the regulation construed by O unambiguous? It found that the filing period was unambiguous. No, that there was ambiguity in the situation. Okay, so there's ambiguity. So under Brandex, why isn't Leadoff or Liadoff, I'm not sure how you say it, right square in the sights of Brandex and Liadoff controls, not O? Well, O has not been overturned. It's overturned. I'm saying that here you have an agency that's entitled to Chevron and the other case deference. And I'm simply saying that O dealt with an ambiguous regulation. Our court sent that particular case back. The agency looked at it and said, you know, we really don't agree with that. This is how we're interpreting our regulation. Why isn't that Brandex? I think because it doesn't entitle them to error. The treatment is mandatory where there's neither statutory nor entitled regulation. So they're not entitled to the regulation. This is jurisdictional. So in that regard, there's an error in that they do have discretionary authority for the extension. Thank you, counsel. Thank you. Thank you.
judges: Kleinfeld, Smith M., Siler